```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

TROY SPENCER,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No. 4:04 CV 1375 DDN
                                 )
DORN SCHUFFMAN,                  )
                                 )
            Defendant.           )
```

**MEMORANDUM**

This matter is before the court sua sponte for consideration of the complaint of plaintiff Troy Spencer. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. 636(c)(1). (Doc. 17.) Having reviewed the pleadings, this court dismisses plaintiff's first amended complaint without prejudice.

**Background**

Plaintiff Troy Spencer is a patient of, and involuntarily confined by, the Missouri Department of Mental Health (DMH). (1st Am. Compl., Doc. 6, at 1, para. 2; Answer, Doc. 12, para. 2). On November 18, 2004, this court granted plaintiff Troy Spencer leave to proceed in forma pauperis (Order & Mem., Doc. 5, at 4), but ordered plaintiff to file an amended complaint (id. at 5). On November 26, 2004, plaintiff filed a "First Amended Complaint" (Doc. 6), which defendant answered on January 31, 2005 (Doc. 12). Plaintiff seems to allege that DMH policy (see id. at 2, paras. 8-9, citing Mo. Rev. Stat. § 630.180 (2004); Mo. Dep't of Mental Health, Administration of Psychotropic Medications Involuntarily, Department Operating Regulation 4.152, at 5 (2002) [hereinafter DOR 4.152]) unconstitutionally abridges plaintiff's right to free exercise of religion, and/or violates the Establishment Clause. Discussing no specific acts or omissions by defendant, plaintiff states only that in this case, the defendant denies plaintiff a religious exemption from compelled medical treatment, and "promot[es] and favor[s] orthodox religions with arbitrary size and organizational structure .

. . ." (Compl., Doc. 2, at 14.) Also, the relief sought is stated only generally:

> Plaintiff comes before this court seeking declaration of his rights under law, a declarative settlement of the controversy between the parties, and answer the following Federal questions:
>
> A. Is plaintiff's Church of the Narrow Way, a religion for within the meaning of the first amendment?
>
> B. Is it constitutionally permissible . . . for the defendent . . . to provide preferential treatment, acceptance, and a government sanction to "a generally recognized, organized, church of religion" [quoting ] that is greater than provided to obscure, unorthodox, and/or unorganized religions?
>
> C. Is it constitutionally permissible . . . for the defendant . . . to provide preferential treatment, acceptance, and governmental sanction to a particular religion based on the size of its congregation or membership, or to discriminate against religions whose number of members are less than the arbitrary level at which point they gain government acceptance?
>
> D. Is DOR 4.152(4)(B)(1)[1]-(2) sufficiently clear as to avoid arbitrary and capricious inclusion or exclusion of a religion qualifying for the exemption?
>
> E. Constitutionally, does plaintiff's Church of the Narrow Way qualify for the exemption from compelled medical treatment provided by § 630.180?

(1st Am. Compl. at 3-4, para. 15.)

### **Lack of Subject-Matter Jurisdiction: No Case or Controversy**

Plaintiff's pleadings are insufficient to establish any case or controversy at all, let alone one "arising under th[e] Constitution [or] the Laws of the United States," as required for federal jurisdiction. U.S. Const. art. III, § 2, cl. 1. This court may dismiss on its own motion for want of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).[1]

---

[1] See also 28 U.S.C. § 1915(e)(2) (concerning proceedings in forma pauperis: "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to

While plaintiff seeks "findings and declarations in answer to his Federal question[s]" (1st Am. Compl. at 5, para. 16), and the five questions he poses to the court invoke the First Amendment (id. at 4, para. 15(A)-(E)), plaintiff alleges no facts that could support a finding of injury to him. The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) (footnote omitted).

Plaintiff's entire amended complaint, and most of his original complaint, merely assert conclusions of law and generally discuss the history of First Amendment jurisprudence. The last two paragraphs of the original complaint's "Conclusion" allude to some behavior of defendant (see supra (quoting Compl., Doc. 2, at 15)), but are far too general to establish any federally cognizable case. While a proper federal complaint may be lean on specifics, Fed. R. Civ. P. 8(a)(1) (requiring only "a short and plain statement of the grounds" for jurisdiction), (e)(1) ("Each averment . . . shall be simple, concise, and direct."), it must allege facts sufficient to establish a basis for relief and give the defendant(s) notice of that basis, DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002) ("[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal."); Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999) ("At the very least . . . the complaint must contain facts which state a claim . . . and must not be conclusory."); Delgado v. Fed. Bureau of Prisons, 727 F. Supp. 24, 27 (D.D.C. 1989) (quoting Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977)) ("[E]ven a pro se complaint must outline all of the elements of the claim and 'is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.'"); cf. Conley v. Gibson, 355 U.S. 41, 48 (1957); Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) ("'[I]t is the facts well pleaded, not the theory of recovery or legal

---

state a claim on which relief may be granted . . . .").

conclusions,' that state a cause of action and put a party on notice." (quoting Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir. 1985))).

Even assuming that "Plaintiff is a minister" (1st Am. Compl. at 3, para. 11) and "sincerely practice[s] his religious beliefs," (id. para. 12) and that "his religion requires reliance on . . . spiritual means for healing . . . illness and injury" (id. para. 13), plaintiff has not made any fact-based allegation that defendant or defendant's agent(s) have administered harmful or unwanted medical treatment, and has not factually alleged any injurious "promoting and favoring orthodox religions" (Compl. at 15). "A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'" Warth v. Seldin, 422 U.S. 490, 499 (1975) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 617 (1973)).

For the foregoing reasons, plaintiff's amended complaint is dismissed without prejudice. A separate order in accordance with the memorandum shall issue herewith.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 1, 2005.