UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TROY SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04 CV 1375 DDN |
| | ) |
| DORN SCHUFFMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

This matter is before the court on the motion of defendant Dorn Schuffman to dismiss the claims against him for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 23.) The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. 17.)

**Background**

Plaintiff Troy Spencer is civilly confined at the Missouri Sex Offender Treatment Center (MSOTC) in Farmington, Missouri. (Doc. 24 at 1.) Defendant Schuffman is the Director of the Missouri Department of Mental Health. (Doc. 21 at 1.) Plaintiff alleges in his complaint that Schuffman is responsible for the policies and practices that he is complaining of. (Id.) Plaintiff also brings claims against defendants Alan Blake, the Chief Operating Officer of the Missouri Sex Offender Treatment Center, Jay Englehart, plaintiff's treating physician in the facility, and Sean Marcy, the facility's chaplain. ( Id.)

In his second amended complaint,[1] filed August 12, 2005, plaintiff brings a cause of action under 42 U.S.C. § 1983. (Id.) He alleges that he is being forced to take medication in violation of his religious beliefs, and that this is also in violation of the policy of the MSOTC.

---

[1] Plaintiff's first amended complaint (Doc. 6) was dismissed sua sponte without prejudice by this court on August 1, 2005. (Doc. 20.) The court held that it was without subject matter jurisdiction because there was no case or controversy. (Doc. 19 at 2-4.)

Plaintiff alleges that the MSOTC policy states that forced medication can occur over qualified religious beliefs only when there is imminent threat of harm to others. (Id. at 2.) He alleges that defendant Jay Englehart ordered the medication, and raised the dosage after plaintiff tried to have his religious beliefs recognized in his file. (Id.)

Plaintiff objected to this medication and was given a hearing in front of the MSOTC reviewing panel. Plaintiff alleges he is a member of the Church of the Narrow Way, and that this group is "generally recognized by the MSOTC reviewing panel" but that "the MSOTC reviewing panel refused to acknowledge the CNW as 'generally recognized' and refused to honor plaintiff's religious objection to risperdol being forced on him." (Id. at 3.) Plaintiff claims this is gross negligence, that he is being denied the "meaningful practice of his religion," and that this treatment "runs counter to plaintiff's religious belief, practice and standards." (Id. at 4.)

Defendant Schuffman argues that the claims against him are grounded only in respondeat superior liability, which cannot form a basis for 42 U.S.C. § 1983 actions. (Doc. 24 at 2.) Schuffman claims there are no allegations against him, and general responsibility for supervising a facility cannot impose liability. Schuffman claims he was not personally involved in any alleged violations of plaintiff's constitutional rights. (Id. at 3.)

This motion to dismiss has not been opposed by plaintiff.

## Discussion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). When ruling the motion, the court must consider all facts alleged in the complaint as true, and must grant the motion only if the facts alleged do not entitle the plaintiff to relief under the law. Leatherman, 507 U.S. at 164; Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999).

> 42 U.S.C. § 1983 provides:
>
> > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. "A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001); Simmons v. Cook, 154 F.3d 805, 808 (8th Cir. 1998); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). A supervisor may be liable, however, if he "directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." Tlamka, 244 F.3d at 635. To maintain a cause of action for failure to train or supervise, the plaintiff must show that the supervisor acted with "deliberate indifference or tacit authorization of the offensive acts." Tilson v. Forrest City Police Dept., 28 F.3d 802, 807 (8th Cir. 1994) (quoting Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989)).

Defendant Schuffman argues that the second amended complaint does not allege any personal involvement or specific allegations against him. He claims that, as the director of the Department of Mental Health, he can not be held liable for any alleged constitutional violations under a respondeat superior theory.

Even when reading all of the facts as alleged in the complaint as true, there is no statement of a claim upon which relief can be granted brought against Schuffman. There are no allegations in the second amended complaint that defendant Schuffman was directly involved in the alleged facts. Plaintiff alleges that defendant Englehart gave him the medicine in violation of his religious rights, and that the MSOTC reviewing panel, whose members he never names, refused to recognize his religion. (Doc. 21 at 2, 3.) Defendant Schuffman's name is never mentioned in any of the allegations set forth in the second amended complaint.

The complaint states that Schuffman is "Director of the Missouri Department of Mental Health (DMH) and is responsible for the policies and practices complained of herein." (Id. at 1.) The broadest reading of the complaint appears to allege that, because he is the director of the Missouri Department of Mental Health, Schuffman is liable for the actions of the treatment center's staff. This is not a cognizable cause of action under 42 U.S.C. § 1983. "[V]icarious liability has no place in § 1983 lawsuits. Only the person who caused the deprivation can be held liable." Wilson v. Cross, 845 F.2d 163, 165 (8th Cir. 1988).

There are also no allegations that the MSOTC's policies, which plaintiff claims defendant Schuffman is responsible for, are unconstitutional. Plaintiff himself alleges that the MSOTC recognizes his religion and that MSOTC policy states any member of a recognized religion may refuse medication on religious grounds. (Doc. 21 at 3.) Plaintiff's allegations are directed toward individuals at MSOTC who violated these policies, not the establishment of the policies. Therefore, plaintiff has failed to state a claim against defendant Schuffman.

Accordingly, defendant Schuffman's motion to dismiss is sustained. An appropriate order is issued herewith.

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 31, 2005.